IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

NOV 07 2003

CHARLIE SEDILLO,

    Plaintiff,

v.

No. CIV-03-0866 MV/WDS

TIM LEMASTER, Warden,
JOHN (DOE) NURSE CEDILLO,
JOHN (DOE) NURSE MARIA,
JOHN (DOE) NURSE CHRISTINA,
(CMS) CORRECTION MEDICAL SYSTEMS,
ADDUS HEALTHCARE INC.--FRANK PULLARA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names a number of defendants and alleges that Plaintiff has been denied necessary medical treatment for his serious diabetic condition, in violation of the Eighth Amendment, the Americans With Disabilities Act, and state law. Plaintiff seeks damages and injunctive relief.

No relief is available on Plaintiff's claims against Defendant (Warden) LeMaster. Plaintiff alleges that he asked that Defendant LeMaster be told about his health problems and nothing happened. These allegations against Defendant LeMaster do not affirmatively link him to the asserted violations. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *Id.* Plaintiff's claims against Defendant LeMaster will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendant LeMaster are DISMISSED with prejudice, and Defendant LeMaster is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue summonses, with notice and waiver forms, for all other named Defendants.

_____
UNITED STATES DISTRICT JUDGE