FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 0 9 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLIE SEDILLO,

        Plaintiff,

v.

No. CIV-03-0866 MV/WDS

TIM LEMASTER, Warden,
JOHN (DOE) NURSE CEDILLO,
JOHN (DOE) NURSE MARIA,
JOHN (DOE) NURSE CHRISTINA,
(CMS) CORRECTION MEDICAL SYSTEMS,
ADDUS HEALTHCARE INC.--FRANK PULLARA,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's motion for reconsideration (Doc. #7) filed November 24, 2003. Plaintiff asks that the order dismissing claims against Defendant LeMaster be set aside and these claims be reinstated. In the earlier order, the Court dismissed claims against Defendant LeMaster for failure to allege personal involvement in the asserted constitutional violation. Plaintiff now alleges that Defendant LeMaster was specifically ordered by a state court judge to correct inadequate medical treatment for Plaintiff. Defendant nevertheless failed to intervene, and Plaintiff argues that these allegations support an Eighth Amendment claim against Defendant LeMaster.

Under recent decisions by the Court of Appeals for the Tenth Circuit, Plaintiff's motion will be granted. "A Rule 59(e) motion to alter or amend the judgment should be granted only ' "to correct manifest errors of law or to present newly discovered evidence." ' " *Phelps v. Hamilton,* 122 F.3d 1309, 1324 (10th Cir. 1997) (quoting *Comm. for the First Amendment v. Campbell,* 962 F.2d

1517, 1523 (10th Cir. 1992), and *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Plaintiff's motion presents an issue very similar to one in *Stack v. McCotter*, No. 02-4157, 2003 WL 22422416, at *7-*9 (10th Cir. Oct. 24, 2003), where the court reviewed related state court proceedings and reversed a dismissal of supervisory medical treatment claims. And as noted in *Jones v. Barry*, No. 01-2092, 2002 WL 725431, at **4 (10th Cir. Apr. 25, 2002), the Court should not dismiss supervisory claims if pleading deficiencies could be cured by an amended complaint. Under these rulings, dismissal of Plaintiff's claims against Defendant LeMaster was, at best, premature. The dismissal of these claims will be set aside, and summons will be issued.

IT IS THEREFORE ORDERED that Plaintiff's motion for reconsideration (Doc. #7) filed November 24, 2003, is GRANTED; and to the extent the order (Doc. #5) of November 7, 2003, dismissed claims against Defendant LeMaster, the order is VACATED and SET ASIDE;

IT IS FURTHER ORDERED that the Clerk is directed to issue summons, with a copy of the complaint and notice and waiver forms, for Defendant LeMaster.

_____
UNITED STATES DISTRICT JUDGE